# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x
SHARIFUL ALAM,

                              Plaintiff,

   -against-

TARGET CORPORATION,

                              Defendant.
------------------------------------------------------------------x

Index No.

Date Filed:

Plaintiff designates: Kings
County as the place of trial

The basis of venue is:
Plaintiff's residence

**S U M M O N S**

Plaintiff's address:
998 Belmont Avenue, 1F
Brooklyn, New York 11208

To the above-named Defendant(s):

     **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorney, within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          February 2, 2022

                                                                       REDMOND LAW FIRM PLLC

                                                   By: _____
                                                        Cornelius Redmond, Esq.
                                                        Attorneys for Plaintiff
                                                        80 Broad St., Suite 1202
                                                        New York, New York 10004
                                                        (212) 799-8989

<u>Defendants' Addresses:</u>
**TARGET CORPORATION**
1000 Nicollet Mall
Minneapolis, Minnesota 55403

and

C T Corporation System
28 Liberty St., New York, NY, 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------x
SHARIFUL ALAM,

                        Plaintiff,

     -against-

TARGET CORPORATION,

                        Defendant.
---------------------------------------------------------------x

Index No.

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, REDMOND LAW FIRM PLLC complaining of the defendants, all upon information and belief, respectfully states and alleges as follows:

1. That at all times herein mentioned, the plaintiff was a resident of the County of Kings, City and State of New York.

2. That at all times herein mentioned, the occurrence that gave rise to this action occurred in the County of Kings, City and State of New York.

3. That upon information and belief, at all times herein mentioned, the defendant TARGET CORPORATION (said defendant hereinafter referred to as "TARGET") was a domestic business corporation duly organized and existing under and by the virtues of the laws of the State of New York.

4. That upon information and belief, at all times herein mentioned, the defendant TARGET was a foreign business corporation duly authorized to do business within the State of New York.

5. That upon information and belief, at all times herein mentioned, the defendant TARGET was a partnership transacting business in the State of New York.

6. That upon information and belief, at all times herein mentioned, the defendant TARGET was a business entity doing business within the State of New York.

7. That on or about October 8, 2021, defendant TARGET owned the premises located at 519 Gateway Drive, Brooklyn, New York 11239.

8. That on or about said date, defendant TARGET was a lessor of the subject premises.

9. That on or about said date, defendant TARGET was a lessee of the subject premises.

10. That on or about said date, defendant TARGET occupied the subject premises.

11. That on or about said date, defendant TARGET managed the subject premises.

12. That on or about said date, defendant TARGET acted as the managing agent of the subject premises.

13. That on or about said date, defendant TARGET controlled the subject premises.

14. That on or about October 8, 2021, defendant TARGET maintained the subject premises, and more particularly, the floor located on the subject premises.

15. That on or about said date, defendant TARGET was responsible for maintaining the subject floor.

16. That on or about said date, defendant TARGET inspected the subject floor.

17. That on or about said date, defendant TARGET was responsible for inspecting the subject floor.

18. That on or about said date, defendant TARGET repaired the subject floor.

19. That on or about said date, defendant TARGET was responsible for repairing the subject floor.

20. That the defendant, its agents, servants and/or employees operated, supervised, managed, maintained and were in sole charge and control of all portions of the aforesaid premises available to and used by individuals lawfully on the premises.

21. That the defendant reserved to itself, its agents, servants and/or employees, the right to come onto the aforesaid premises for the purpose of inspecting, repairing and maintaining the subject premises in a reasonably safe condition.

22. That the plaintiff was lawfully on the defendant's subject premises.

23. That on said date and place, the defendant had charge of the floor of the subject premises, and it was the duty of said defendant, its agents, servants and/or employees to use reasonable care and diligence in the maintenance, operation, and care of the subject premises and to maintain same, for the purpose of keeping same in a reasonably safe condition for users thereof.

24. That on said date while the plaintiff was lawfully on said premises, he was caused to slip and fall due to a substance on the floor of the subject premises.

25. The plaintiff was caused to be injured due to a slippery, hazardous, defective, dangerous condition thereat, causing plaintiff to sustain severe and serious personal injuries with attendant special damages.

26. That on said date the defendant, its agents, servants and/or employees, reserved to themselves the right and duty of general supervision, maintenance, operation and control, at the aforesaid location and premises, and did in fact exercise such right of supervision, maintenance, operation and control.

27. That on said date and place, the defendants had charge of the subject premises, and it was the duty of said defendants, their agents, servants and/or employees to use reasonable care and diligence in the management, operation, care and maintenance of the subject premises and to make any and all necessary markings, warning, repairs thereto, for the purpose of keeping the same in a reasonably safe condition for travelers traversing thereat.

28. That the said occurrence and the injuries resulting therefrom were caused and/or precipitated by reason of the negligence and carelessness of the defendant, its agents, servants, independent contractors and/or employees, in that they negligently caused, allowed and permitted the subject dangerous and defective condition to be, become and remain on the subject premises, so that a trap existed on the aforesaid premises endangering the life and limb of persons lawfully traversing thereat.

29. That upon information and belief at all times herein mentioned the defendant, its agents, servants, independent contractors and/or employees had actual and/or constructive notice of the aforesaid dangerous and defective condition and/or created the dangerous condition.

30. That on or about said date and at all times mentioned herein, the plaintiff would not have been caused to be injured on the subject premises in the absence of negligence on the part of the defendant.

31. That on or about said date and at all times mentioned herein, the subject premises was within the exclusive control of the defendant.

32. That the said occurrence and the injuries resulting therefrom were caused and/or precipitated by reason of the negligence and carelessness of the defendant, its agents, servants, independent contractors and/or employees solely and wholly as a result of the negligence of the defendants herein and without any negligence on the part of the plaintiff contributing thereto.

33. That on or about said date and at all times mentioned herein, the plaintiff was caused to be injured on the subject premises due to the doctrine of res ipsa loquitur.

34. That on or about said date and at all times mentioned herein, the plaintiff was caused to be injured on the subject premises due to a recurring condition.

35. That this action falls within one or more of the exceptions contained in CPLR §1602.

36. That by reason of the foregoing the plaintiff sustained severe injuries to various parts of plaintiff's body; that plaintiff suffered and will continue to suffer for some time to come great pain and anguish in body and mind; that plaintiff received necessary hospital care and attention for a long period of time; that plaintiff necessarily received and will continue to receive medical treatment and medicines for which expenses have, are and will continue to be incurred; that as a result of the injuries sustained by plaintiff, plaintiff may, in the future, require further hospital and medical care and attention; that plaintiff has been unable to return to plaintiff's usual duties and occupation as plaintiff had theretofore done and, upon information and belief, plaintiff's injuries are permanent, protracted and disabling in nature all to plaintiff's damage as against the defendants in a sum which exceeds the jurisdictional limits of all lower courts of the State of New York.

**WHEREFORE**, plaintiff demands judgment against the defendant in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York, together with the costs and disbursements of this action.

Dated: New York, New York
February 2, 2022

REDMOND LAW FIRM PLLC

By: _____
Cornelius Redmond, Esq.
Attorneys for Plaintiff
80 Broad St., Suite 1202
New York, New York 10004
(212) 799-8989

## VERIFICATION

STATE OF NEW YORK     }
                                              } ss:
COUNTY OF NEW YORK  }

I, the undersigned, an attorney duly admitted to practice law in the State of New York, state that I am a member of the firm REDMOND LAW FIRM PLLC, attorneys of record for the plaintiff in the within action; I have read the foregoing

## COMPLAINT

and know the contents thereof; the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe to be true. The reason this verification is made by me and not by the plaintiff is that deponent maintains offices outside the County in which the plaintiff resides.

The grounds of my belief as to all matters not stated upon my knowledge, are as follows: entire file maintained in your deponent's offices, investigations, etc.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
           February 2, 2022

By:_____
Cornelius Redmond, Esq.

SUPREME COURT OF THE STATE OF NEW YORK                Index No.
COUNTY OF KINGS

SHARIFUL ALAM,

                              Plaintiff,

           -against-

TARGET CORPORATION,

                              Defendant.

**SUMMONS AND VERIFIED COMPLAINT**

**REDMOND LAW FIRM PLLC**
**Attorneys for Plaintiff**
80 Broad St., Suite 1202
New York, New York 10004
(212) 799-8989

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous

_____
**CORNELIUS REDMOND, ESQ.**
**REDMOND LAW FIRM PLLC**

_____

**[ ] Notice of Entry**
that the within is a (certified) true copy of a
duly entered in the Office of the Clerk of the within named court on           20

**[ ] Notice of Settlement**
that an order                 of which the within is a true copy
will be presented to the Hon.             one of the judges of the within court at

on        20    at      M.

Dated:                                              Yours, etc.

                                             **REDMOND LAW FIRM PLLC**
                                             80 Broad St., Suite 1202
                                             New York, New York 10004
                                             (212) 799-8989

Form 27 - AFFIDAVIT OF SERVICE

P6039903

**REDMOND LAW PLLC** - (Jennifer Redmond's firm)     REDMOND LAW PLLC
SUPREME COURT KINGS COUNTY STATE OF NEW YORK

SHARIFUL ALAM
                                              PLAINTIFF     index No. **503276/2022**
                      - vs -                                Date Filed
                                                            Office No. **21-438**
TARGET CORPORATION                                          Court Date.
                                              DEFENDANT

STATE OF **NEW YORK**, COUNTY OF **NEW YORK**     :SS:

**DONDRE DENNIS** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the **07TH** day of **FEBRUARY, 2022 3:10PM** at
**C/O CT CORPORATION SYSTEM,
28 LIBERTY STREET
NEW YORK NY 10005**
I served a true copy of the **SUMMONS AND VERIFIED COMPLAINT** upon **TARGET CORPORATION** the **DEFENDANT** therein named by delivering to, and leaving personally with **Kartik Pandya, INTAKE SPECIALIST AUTHORIZED TO ACCEPT** a true copy of each thereof.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

SEX: **MALE**     COLOR: **TAN**     HAIR: **BLACK**
APP.AGE: **25-30** APP. HT: **5'7** APP. WT: **140**
OTHER IDENTIFYING FEATURES
**Glasses**

Sworn to before me this
08TH day of FEBRUARY, 2022

SELENA INES ADAMES
Notary Public, State of New York
No. 01AD6365042
Qualified in QUEENS COUNTY
Commission Expires 09/25/2025

DONDRE DENNIS 2089979
PM Legal, LLC
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 7-JRLAW-6039903

